NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID H. PINCKNEY**,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**SRGT ROMER**, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 23-22646 (ZNQ) (JTQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed in forma pauperis (ECF No. 1-2, "IFP"), together with a Complaint ("Compl.", ECF No. 1) and Amended Complaint (Am. Compl.", ECF No. 4), filed by Plaintiff David H. Pinckney ("Pinckney"). The Court herein reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the IFP application will be **GRANTED** and the Complaint will be **DISMISSED WITH PREJUDICE**.

**I.　　BACKGROUND**

Pinckney is not a stranger to this district. Since 2017, he has filed sixteen suits. This one is another in a series of cases filed by Pinckney that stem from his resistance to paying child support.[1]

---

[1] Suits directly against child support agencies include: *Pinckney v. Cofaro*, Civ. No. 22-6122; *Pinckney v. Somerset Prob.*, Civ. No. 24-6686; *Pinckney v. Somerset Prob. C.S. Enf't*, Civ. No. 24-5681; *Pinckney v. Somerset Prob Child Support Enf't*, Civ. No. 24-8474. Suits against judges ordering and/or enforcing child support payments include: *Pinckney v. Essex Prob. Child Support Unit*, Civ. No. 17-3794; *Pinckney v. Bury*, Civ. No. 22-2408; *Pinckney v. Rahill*, Civ. No. 22-2409. Suits against officers who have arrested him for non-payment of child support include: *Pinckney v. O'Connor*, Civ. No. 23-22563; *Pinckney v. Mankowski*, Civ. No. 23-22645, *Pinckney v. Romer*, Civ. No. 23-22646, *Pinckney v. Snyder*, Civ. No. 24-251.

The Amended Complaint in this case begins with a handwritten form. With respect to facts, it alleges only the following:

> On 9/02/022 you (SRGT ROMER), kidnapped the man David Henry Pinckney on a civil arrest warrant for the person DAVID H. PINCKNEY for non-payment of debt."[2]

(Am. Compl. at 3.)[3] Pinckney attaches to his Amended Complaint a copy of the relevant arrest warrant and arrest report. (ECF No. 4-1 at 6–7.) The arrest warrant was issued on August 26, 2022 from the Chancery Division of the Superior Court of New Jesey in Somerset County. (*Id*. at 7.) It states that Pinckney owes $55,150.70 in child support. (*Id*.) The arrest report confirms that Pinckney's September 2, 2022 arrest was based on the arrest warrant. (*Id*. at 6.)

With respect to the relief Pinckney seeks, the form portion of his Amended Complaint requests $200,000.[4]

## II.     SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this matter based on 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

### A.     IFP APPLICATIONS

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity,

---

[2] The Court notes that Plaintiff's separate usage of his name in lowercase vs. all capital letters appears to be more than stylistic. This distinction is common among self-professed sovereign citizens.
[3] Pinckney attaches various documents to his Amended Complaint purporting to establish his "non-corporate status," implicating another legal theory common among self-professed sovereign citizens.
[4] The Plaintiff also seeks referral of Defendant to law enforcement for prosecution. (Am. Compl. at 4.) A "brief" attached to the Amended Complaint appears to elaborate on the latter request insofar as it seeks that Romer be "found guilty" of "falsely arresting," "kidnapping," and "conversion." (ECF No. 4-1 at 2.) These are criminal allegations that cannot be considered by the Court in the context of this civil matter.

2

definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

      **B.**     **REVIEW PURSUANT TO 28 U.S.C. § 1915(e)**

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

### A. IFP SCREENING

Based on the information Pinckney provided with respect to his financials, the Court finds it is appropriate to permit him to proceed IFP. Accordingly, the Court will **GRANT** Pinckney's application.

### B. COMPLAINT SCREENING

Pinckney alleges he was "kidnapped" by Romer. It is clear from his pleading as a whole, however, that Romer is a police sergeant who was acting in his police capacity. The Court therefore construes Pinckney's claim as one for false arrest and false imprisonment under 42 U.S.C. § 1983.

To plead a false arrest claim, a plaintiff must plausibly allege that he was arrested without probable cause. *Voorhis v. Ginkel*, App. No. 24-2859, 2025 WL 2556241, at *2 (3d Cir. Sept. 5, 2025) (citing *Lozano v. New Jersey*, 9 F.4th 239, 245 (3d Cir. 2021)). To plead a false imprisonment claim, a plaintiff must plausibly allege that he was detained pursuant to an arrest that was made without probable cause. *Id*. (citing *Lozano*, 9 F.4th at 246).

The problem for Pinckney is that his arrest was prompted by an arrest warrant issued by a state court judge. An arrest warrant—including one for failure to pay child support—provides police with probable cause to arrest an individual. *See Ahmad v. Hudson Cnty Prosecutor's Office Narcotics Task Force*, Civ. No. 15-8994, 2106 WL 3450819, at *3 (D.N.J. June 22, 2016) (citing *Utah v. Strieff*, 579 U.S. 232 (2016)). Here, it is clear that Pinckney was both arrested and detained based on a warrant and therefore based on probable cause.

In a "brief" attached to his Amended Complaint Pinckney argues that "civil arrest warrants for non-payment of a debt are 'facially frivolous.'" (ECF No. 4-1 at 2.) To the extent he challenges the validity of the warrant and his claim for damages is premised on a challenge to that validity,

4

his claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] *See Wells v. King*, 232 F. App'x 148, 149 (3d Cir. 2007) (the success of a false imprisonment claim may not necessarily invalidate a conviction, but if "review of the complaint reveals that the actual claim . . . is the challenge to his conviction" the claim is Heck-*barred*).

For the foregoing reasons, the Court finds that Pinckney fails to state a claim, and that he cannot state one. Accordingly, the Amended Complaint will be **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

For the reasons stated above, the Court will **GRANT** Pinckney's IFP application and **DISMISS WITH PREJUDICE** the Amended Complaint. An appropriate Order will follow.

Date: September 12, 2025

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[5] In *Heck v. Humphrey*, the United States Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. 512 U.S. 477 (1994). In particular, *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486. In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.